Chief Justice Robertson,
delivered the opinion of the court.
This is an action of ejectment, on the demise of Langston and wife against Hume.
itemise buhe and wife a-mcnrlcil by striking out .David ami >n serf mg Jlbra-A-rai, inf1 trae namfi of the husband, co»-sidiTcd not to be error.
*255 Robert Clark, sen. who had a legal title to one thousand acres of laud, including that now in cor tro-versy, devised one third of the entire tract to John Clark. This third part includes the land in troversy. John Clark 'devised his interest to Robert Clark, jr. Margaret Clark and Ann Clark, to be equally divided between them by the devisee Robert, in any manner be should deem just and proper. Ann Clark devised all her interest in the land toibby Langston, one of the lessors. In the lifetime oí the first testator, It. Clark, sen. William Markham had instituted a suit in chancery against him on an adversary claim, which included about seventeen acres of the land devised to John Clark, and by him to Robert Clark, jr. This suit being undetermined at the death of Robert Clark, sen. was revived against R. Clark, jr. but not against Margaret or Ann Clark, nor against either of the lessors. Pending that suit, Robert Clark, jr. allotted to his co-devisees under the will of John Clark, about forty acres each in a tract of land which bad been devised to him by Rob-ért Clark, sen. and which, by parol agreement, they took in'lieu of their interest in the land devised to •them by John Clark, reserving their right in common to the seventeen acres claimed by Markham, which were not included in the allotment, but excepted until the final decision of the suit in chancery. Markham having succeeded in the suit, R. Clark, jr. made him a deed for the seventeen acres. Hume holds under Markham, and the lessors claim by their declaration the whole seventeen acres under the will of Ann Clark. The jury found a verdict for all the land claimed by the declaration, and the circuit court rendered judgment accordingly.
The plaintiff insists, 1st. that the circuit court erred in permitting an amendment to be made to the declaration; 2nd. that the defendants showed no right to recover any part of the seventeen acres, and have obtained judgment for more than they are entitled to, even if they had a right to recover- any part of the land.
1st. The demise was laid in the name of David Langston and wife, and on motion of the defendants, the court permitted them to amend by striking out *256 David and inserting Abraharn^the true name of the husband.
Person, not party (or privy) to a suit cannot be affected by it.
Talbot & Hanson, for appellant; Crittenden, for appellees.
This, though opposed by the plaintiff,-» cannot be error. It was not a new demise, Langston and wife were still the lessors, the persons were actually the same, the title the same, the lease the same. It was shewn that Abraham was the husband, and that David was inserted through mistake.
2nd. The allotment certainly did not divest Ann Clark of her interest in the seventeen acres. There is no memorial in writing of'any relinquishment by her; and the parol proofis, that there never was any release whatever of her interest in the seventeen acres. Neither she nor her devisee was affected by the decree in favor of Markham, because neither of them was a party to the suit; nor was either oí them affected by the conveyance from R. Clark, jr. to Markham, tie had no legal authority from either of them to convey any other interest than his own, and therefore, the legal effect of his deed, is, that it vested his right, and his only, in Markham. The lessors had therefore, a legal interest in the seventeen acres. But that interest did not exceed one third. The lessors and R. Clark, and Margaret Clark were tenants in common, and therefore, the suit is maintainable on the demise of the lessors alone. But they are entitled only to -an undivided third part of the seventeen acres.
However, the judgment, although general and comprehensive, according to the demise and tbe’ver-dict, is not, therefore, erroneous, it must be construed and be enforced at the peril of the lessors, according to their title as proved, and entitles them to only an undivided third part of the seventeen acres.
Judgment affirmed, (Judge Underwood dissenting from so much of the opinion as sustains the amendment to the demise.)